**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4594**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSE RUBIO-MARTINEZ, a/k/a Jose Rubio,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., Chief District Judge.  (1:04-cr-00401-NCT)

———————

Submitted:  November 30, 2006      Decided:  January 24, 2007

———————

Before NIEMEYER, TRAXLER, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Stacey Rubain, QUANDER & RUBAIN, P.A., Winston-Salem, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Rubio-Martinez appeals the fifty-seven-month sentence he received after he pled guilty to illegal reentry, 8 U.S.C. § 1326(a), (b)(2) (2000). Rubio-Martinez contends on appeal that his sentence is unreasonable because the district court did not adequately explain its decision not to depart downward based on his cultural assimilation. We affirm.

After United States v. Booker, 543 U.S. 220, 260-61 (2005), a sentence is reviewed for reasonableness. See also United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). Courts must calculate the appropriate guideline range, making any appropriate factual findings, then consider the resulting advisory guideline range in conjunction with the factors under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), and determine an appropriate sentence. United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006). If a court imposes a sentence outside the guideline range, the district court must state its reasons for doing so. Hughes, 401 F.3d at 546.

We have held that a sentence within a correctly calculated guideline range is presumptively reasonable. United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006). However, a post-Booker sentence may be unreasonable for procedural and substantive reasons. "A sentence may be procedurally unreasonable, for example, if the district court provides an inadequate statement

of reasons . . . . A sentence may be substantively unreasonable if the court relies on an improper factor or rejects policies articulated by Congress or the Sentencing Commission." United States v. Moreland, 437 F.3d 424, 434 (4th Cir.) (citations omitted), cert. denied, 126 S. Ct. 2054 (2006).

Here, the court expressly stated that it did not find cultural assimilation to be an appropriate ground for departure in Rubio-Martinez's case. We are satisfied that the court's explanation was adequate and the sentence was, consequently, reasonable, because the court's decision against a departure is not reviewable, as long as the district court recognized its authority to depart. United States v. Cooper, 437 F.3d 324, 333 (3d Cir. 2006) (collecting cases from five circuits discussing rule post-Booker); United States v. Quinn, 359 F.3d 666, 682 (4th Cir. 2004) (citing United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990), and stating rule in this Circuit pre-Booker). Rubio-Martinez acknowledges that the district court understood its authority to depart on this ground in an appropriate case.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 3 -